JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GEORGE F. MATHEIS, JR.

**DEFENDANTS**
CSL PLASMA, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zachary E. Nahass, Esquire, CGA Law Firm, 135 North George Street, York, Pennsylvania 17401
(717) 848-4900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. §§ 12181-12189, 28 C.F.R. Part 36

Brief description of cause:
violation of Title III of Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/03/2017

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | | |
|---|---|---|
| GEORGE F. MATHEIS, JR. | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| CSL PLASMA, INC. | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CSL PLASMAN, INC., 5201 Congress Avenue, Suite 220, Boca Raton, FL 33487 with a location at CSL Plasma, 2430 Eastern Boulevard, York, PA 17402

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Zachary E. Nahass, Esquire
CGA Law Firm
135 North George Street
York, PA  17401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____              _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE F. MATHEIS, JR. | : | |
| Plaintiff | : | |
| | : | Civil Action No. |
| v. | : | |
| CSL PLASMA, INC. | : | |
| Defendant | : | |

Plaintiff, George F. Matheis, Jr., by his undersigned attorneys, hereby files this Complaint, and alleges the following upon information and belief:

1. Plaintiff brings this action against Defendant, CSL Plasma, Inc. ("CSL") for violation of Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36, by discriminating on the basis of Plaintiff's disability or perceived disability and failing to reasonably modify its policies, practices, or procedures to permit the Plaintiff, an individual with a disability, the use of a service animal.

2. Defendant owns and operates CSL Plasma Inc., a place of public accommodation, that discriminated against an individual with a disability by denying him accommodation and service at the business because the individual with a disability was accompanied by his service animal.

3. Defendant's actions intentionally caused or recklessly disregarded the substantial probability of causing, severe emotional distress to the Plaintiff.

## Jurisdiction and Venue

4. The Court has jurisdiction of this action pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. §12188(b)(2).

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant operates a place of business in this District, and the acts of discrimination occurred in this District.

## Parties

6. Plaintiff is a citizen of the Commonwealth of Pennsylvania, residing in Brogue, Pennsylvania 17309.

7. Defendant is a Florida Corporation with its principal place of business at 5201 Congress Avenue, Suite 220, Boca Raton, FL 33487. CSL Plasma, Inc. is a division of CSL Behring, headquartered in King of Prussia, Pennsylvania. Further Defendant owns and operates the CSL Plasma location at 2430 Eastern Boulevard, York, PA 17402 ("East York location"), where the acts of discrimination occurred. CSL's East York location is a place of public accommodation within the meaning

of Title III of the ADA, 42 U.S.C. § 12181(7) and its implementing regulation 28 C.F.R. § 36.104 is subject to its requirements. 42 U.S.C. § 12182(a).

## Facts

8. The Plaintiff is a veteran of the armed forces and also a retired police officer.

9. As a result of his military and law enforcement service, Plaintiff has been diagnosed since August, 2000 with post-traumatic stress disorder ("PTSD") which substantially limits his brain function and other major life activities.

10. Plaintiff is an individual with a disability within the meaning of the ADA. *See* 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

11. To assist with his disability, the Plaintiff utilizes a dog trained to perform tasks directly related to his disabilities, including providing him with physical support, pressure therapy, and assisting Plaintiff in dealing with his PTSD by alleviating symptoms of Plaintiff's psychiatric disability. Plaintiff's dog is a service animal within the meaning of 28 C.F.R. §36.104.

12. Additionally, the Plaintiff is a trainer with Veteran Service Canines, Inc., a Pennsylvania non-profit organization dedicated to training dogs to become service animals for veterans.

13. Defendant is a public company which, among other things, collects plasma donations at various locations nationwide.

{01295899/1}

14. The Defendant\regularly solicits the public to donate plasma at its donations centers and pays for such donations.

15. The Defendant's website indicates that anyone can be a donor who: is in good health, is 18 or older, weighs at least 110 lbs, has had no tattoos or piercings within the last 12 months, meets eligibility and screening requirements, has valid identification, and has a permanent address.

16. Plaintiff meets all of these requirements.

17. The Defendant's website indicates that individuals who donate can make up to $400 a month for their donations.

18. Plaintiff has been a regular donor of plasma at Defendant's East York location. Prior to December 2016, Plaintiff had made more than 90 such donations. Typically, Plaintiff would donate twice a week and receive an average of $250-$300 monthly from Defendant for those donations.

19. On or about December 9, 2016, the Plaintiff went to Defendant's East York location to make such a plasma donation. The Plaintiff's service dog accompanied him during the course of that visit.

20. At that time, the Plaintiff was told by an employee of the Defendant that Plaintiff would have "to talk to the nurse" before he would be permitted to donate.

21. Plaintiff was directed to another employee of the Defendant, who was purported to be a nurse, and Plaintiff numerous questions asked about his disability.

22. Among other questions, the nurse asked Plaintiff what his disability was and what services his dog provided.

23. The nurse instructed the Plaintiff that CSL's policy prohibits all dogs other than seeing-eye dogs.

24. The Plaintiff explained that his dog is a service animal that is qualified to be present in the same manner as a seeing-eye dog, but Defendant still refused to allow Plaintiff to donate.

25. At that time, the Plaintiff volunteered that he would put his service dog into the car in order to facilitate his plasma donation.

26. The nurse refused to permit Plaintiff to donate and informed Plaintiff that he would be required to produce a letter from his physician certifying his fitness to donate plasma without his service animal before the Defendant would allow him to make any future plasma donations.

27. The Plaintiff did not make any plasma donation on that day and has not made any donations since that time.

28. Plaintiff was humiliated, embarrassed, angered and distraught by the treatment he received at Defendant's place of business and through Defendant's employees' actions.

29. Immediately following his December 9, 2016 visit to Defendant's East York location, Plaintiff suffered severe emotional distress, which manifested in feelings of aggression, rage and despair.

30. Plaintiff suffered monetary losses as a result of being unable to make regular plasma donations.

## CAUSES OF ACTION

### Title III of the Americans with Disabilities Act

31. The allegations contained in the preceding paragraphs are incorporated by reference.

32. Defendant through its conduct alleged herein discriminated against Plaintiff on the basis of Plaintiff's disability or on his perceived disability in the full and equal enjoyment of Defendant's services, facilities, privileges, advantages, and accommodations, in violation of 42 U.S.C. §12182, and its implementing regulations at 28 C.F.R. Part 36.

33. Specific violations of Title III committed by Defendant include, but are not necessarily limited to:

a. Discriminating against Plaintiff on basis of his disability or perceived disability by excluding Plaintiff from a place of public accommodation and denying him full and equal enjoyment of the "goods, services, facilities, privileges, advantages, [and] accommodations" of that public accommodation in violation of 42 U.S.C. §12182(a); 28 C.F.R. § 36.201(a);

b. Making inquiries about Plaintiff's disability that are prohibited under the Americans with Disabilities Act;

c. Failing or refusing to modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability in violation of 28 C.F.R. §36.302(c)(1);

d. Denying Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation in violation of 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. §36.202(a);

e. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford Defendant's goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302;

{01295899/1}

f. Applying and imposing eligibility criteria that screen out Plaintiff from duly and equally enjoying privileges, accommodations, and advantages being offered by CSL, on the basis of Plaintiff's disability, by requiring him to provide a written note or letter relating to his fitness to donate plasma, when no such letter is required of anyone else, and Plaintiff meets all other criteria set forth by Defendant, in violation of 28 C.F.R. § 36.301(a); and

g. Refusing, or failing to allow the Plaintiff opportunity to donate plasma, and be paid for his donation, even after the Plaintiff's service animal was excluded and removed from the premise, in violation of 28 C.F.R. § 36.302(c)(3).

34. As a direct and proximate result of Defendant's conduct in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. pt. 36, Plaintiff sustained damages, was harmed and is aggrieved.

## Infliction of Emotional Distress

35. The allegations contained in the preceding paragraphs are incorporated herein by reference.

36. The Defendant, by and through its actions in: questioning the Plaintiff about his disability and his use of a service animal, refusing to allow Plaintiff to donate plasma in the same manner as any other member of

{01295899/1}

the public, refusing to allow Plaintiff to donate plasma even after the service animal was excluded from the premise, and requiring the Plaintiff to provide a letter related to his ability to donate, thereby intentionally caused, or recklessly disregarded the substantial probability of causing, severe emotional distress to the Plaintiff.

37. Defendant's actions were extreme and outrageous, and specifically the type of discrimination the Americans with Disabilities Act is intended to prevent.

38. Plaintiff suffered severe emotional distress as a result of Defendant's actions.

## Prayer for Relief

39. WHEREFORE, Plaintiff prays that this Court grant the following relief:

40. Grant judgment in favor of the Plaintiff and declare that the discriminatory actions, practices, and policies of Defendant as set forth above, violate Title III of the ADA, 42 U.S.C. §§12181-12189, and its implementing regulation, 28 C.F.R. Part 36;

41. Enjoin Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant, from discriminating on the basis of disability against Plaintiff, other individuals

{01295899/1}

with disabilities, and other individuals related to or associated with an individual with a disability in violation of Title III of the ADA, 42 U.S.C. §§12181-12189, and its implementing regulation, 28 C.F.R. Part 36;

42. Order Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant to adopt and implement a policy of nondiscrimination against persons with disabilities, including persons who use service animals, and to make reasonable modifications to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages, and accommodations are afforded to individuals with disabilities, including those who use service animals;

43. Order Defendant to design and implement appropriate staff training programs to ensure that all personnel affiliated with Defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities;

44. Award monetary damages to Plaintiff, in an appropriate amount for injuries suffered as the result of Defendant's failure to comply with the requirements of Title III of the ADA, 42 U.S.C. §§12181-12189, and 28 C.F.R. § 36.504;

45. Award Plaintiff compensatory damages, including damages for expenses, pain and suffering, and emotional distress in an appropriate amount for injuries suffered as a result of the Defendant's failure to comply with the requirements of Title III of the ADA and 28 C.F.R. Part 36.

46. On Plaintiff's Second Cause of Action for Infliction of Emotional Distress, award compensatory and punitive damages in an amount to be determined at trial, but in no event less than $1,000,000.00.

47. Assess a civil penalty against Defendant as authorized by 42 U.S.C. §12188(b)(2)(c) in an amount sufficient to vindicate the public interest;

48. Authorize the award of Plaintiff's reasonable attorney's fees and litigation expenses as allowed under 28 C.F.R. § 36.505 along with interest, costs, and other such relief as this Court may deem appropriate; and

49. Order such other appropriate relief as the interests of justice may require.

Dated _____, 2017

CGA Law Firm
Attorney for Plaintiff

By: __/s/ Zachary E. Nahass__
    Zachary E. Nahass
    PA 314834
    135 North George Street
    York, Pennsylvania 17401
    (717)848-4900
    (717) 843-9039
    znahass@cgalaw.com

{01295899.1}